No. 2909

Second Circuit

McCOY v. MARSH AND UNITED STATES FIDELITY & GUARANTY CO.

(May 13, 1927. Opinion and Decree.)

*(Syllabus by the Court.)*

1. **Louisiana Digest—Carriers of Passengers and Goods—Par. 25, 31; Parties—Par. 12; Insurance—Par. 138, 165, 170.**

One who carries passengers for hire in an automobile is liable in damages for injuries sustained by his passengers through his negligence, and where he carries liability insurance his surety is bound in solido with him to the extent of the amount of the bond, and no more, regardless of the number of passengers who may be injured in any one accident and regardless of the amount of the judgments they may obtain.

**2. Louisiana Digest—Insurance—Par. 138, 170, 182.**

Where the operator of an automobile carries passengers for hire and is bonded under Act 196 of 1918, the obligation of the surety "running in favor of any person who may be injured in person or property by the negligence of the operator of the service car". Each passenger injured in the same accident through the negligence of the driver has an action to recover from the owner, and his surety on the bond in solido, and the fact that one passenger obtains judgment against the surety for the full amount of the bond will not bar the right of action of the others against the surety.

**3. Louisiana Digest—Pleading—Par. 62; Insurance—Par. 166, 172, 182.**

An exception of no cause or right of action filed by a surety is properly overruled when grounded upon an allegation that a fellow passenger in the automobile has already obtained judgment for the full amount of the bond, the surety company not having paid first judgment and having no interest in the distribution of the proceeds of the bond.

Appeal from the Sixth Judicial District Court of Louisiana, Parish of East Carroll. Hon. F. X. Ransdell, Judge.

Action by Mrs. Ethel Kemp McCoy against H. V. Marsh and United States Fidelity & Guaranty Company.

There was judgment for plaintiff and defendants appealed.

Judgment amended and affirmed.

John B. Stone, of Lake Providence, attorney for plaintiff, appellee.

Robert P. Kennedy, of Lake Providence; Spearing, Miller & Mabry, of New Orleans, attorneys for defendants, appellants.

ODOM, J. The defendant, Henry V. Marsh, was engaged in operating a public service car in East Carroll parish. Plaintiff was a passenger for hire on his automobile and while a passenger received personal injuries for which she brings this suit against Marsh and his surety, the United Fidelity & Guaranty Company.

All the issues involved in this suit except, of course, the extent of the injuries sustained by plaintiff and the amount which she is entitled to recover were decided by this court in the case of Mrs. Mamie S. O'Sullivan versus Henry V. Marsh, et al., No. 2718 on the docket of this court, not yet officially reported.

The plaintiff and Mrs. O'Sullivan were passengers in the same car.

It is needless, therefore, to restate the facts here, except as to the injuries received by plaintiff. Nor is it necessary to discuss the liability of the surety company on either of its bonds, for they are the same here as in that case.

The District Judge held that plaintiff was entitled to damages in the sum of $1500.00 and granted judgment in her favor for that amount against Henry V. Marsh and his surety in solido on the $3000.00 bond, but failed to reserve her rights to proceed against the surety company on the other bond, as was done in the O'Sullivan case.

The defendant, Marsh, has not appealed.

This appeal is prosecuted by the surety company.

Counsel for plaintiff moved in this court to have the judgment amended by increasing the amount thereof and to have plaintiff's rights to proceed under the other bond reserved as was done in the O'Sullivan case.

## OPINION

As to the quantum of damages, the lower court, we think, made no error.

Doctor Hamley, who was called and saw plaintiff within an hour after she was injured, testified that when he saw her she was unconscious and was in that condition at intervals for three days; that she was in bed, tossing about; that her head, left side, right shoulder, and both knees were bruised, and that she had minor injuries about the face and head; that she had concussion of the brain and required opiates, ice caps and sedatives to keep her quiet; that he attended her at her room in Lake Providence from May 15th to May 23rd, when she went home to her mother at Tallulah and came back to him on May 30th on a crutch, at which time she was still suffering intensely, and that she had suffered till the date of the trial of this suit in the District Court on November 16. He thinks she will have partial disability on account of the accident, which disability, he thinks, may be permanent.

We note from the testimony that plaintiff was injured on May 25th, that she married thereafter, and within a year after her marriage she gave normal birth to a normal child. She testified that she had suffered intense pain and still suffered.

We conclude, as did the District Judge, who saw her, that she is not permanently injured, and we think the award of $1500.00 does substantial justice.

Counsel for the surety company, appellant, in brief, say:

"Since in the case of Mrs. Mamie S. O'Sullivan vs. Henry V. Marsh, et al., No. 2718 on the docket of this court, Your Honors have passed on the question of liability, the only questions before the court in the present case are:

"(1) Whether, after a judgment has been rendered against the surety company for the full amount of its bond, another judgment may be rendered against it under the same bond; and

"(2) Whether Mrs. McCoy, plaintiff, suffered injuries to an extent to justify a judgment for one thousand five hundred ($1500.00) dollars."

We have disposed of the second point raised.

Counsel strenuously argue that inasmuch as the court has already rendered judgment against the surety company for $3000.00 in favor of Mrs. O'Sllivan, who was injured in the same car and at the same time that plaintiff was injured, it cannot render an additional judgment against it in favor of plaintiff, as the two judgments combined exceed the amount of the bond; and they argue that the surety company cannot be made to respond for any amount exceeding its liability stipulated in the bond, and they cite authorities in support of their contention.

The point which counsel raise has no place in this suit.

The bond in question was written under the provisions of Act 196 of 1918:

"With the obligation running in favor of any person who may be injured in per-

son or property by the negligence of the operator of the service car."

Plaintiff was injured by the negligent operation of the service car. She therefore has a right of action against Marsh, the owner and operator of the car, and his surety in solido. Her cause of action against both is precisely the same as that of Mrs. O'Sullivan against the same parties.

Is plaintiff to be deprived of her cause of action against the surety merely and solely because Mrs. O'Sullivan's suit was tried and judgment for her rendered first?

Certainly not.

Counsel say that the surety company is bound for $3000.00 and no more. If that be true, their client has nothing to fear, and has no interest in raising the question as to who will ultimately get the money.

The surety on the bond has not paid and satisfied Mrs. O'Sullivan's judgment. It still has the $3000.00. It has no interest in a question which may be later raised between Mrs. O'Sullivan and the plaintiff as to the distribution of the proceeds of the bond. Under proper procedure the surety on the bond can amply protect its rights.

Plaintiff brought suit against Marsh, the principal, and the surety on both bonds. In the case of Mrs. O'Sullivan versus the same defendants, where the same points with reference to these bonds were raised, as in this case, we said:

"Both bonds were produced in court on the trial, and on inspection it was found that the obligation of the surety on the $5000.00 bond did not run in favor of those who might be injured in person or property on account of the operation of the car, but only in favor of Marsh, the owner of the car, to indemnify him against loss and expenses which he might suffer on account of the operation thereof. It does provide, however, that the injured party has a right of action against the surety in case execution is issued against the principal and is returned unsatisfied."

We think the plaintiff's rights should be reserved to her as were the plaintiffs' in that case.

The judgment appealed from should, therefore, be so amended as to reserve plaintiff's right of action against the surety on the $5000.00 bond in case execution is issued against the principal and returned unsatisfied.

For the reasons assigned, it is therefore ordered, adjudged and decreed that the judgment appealed from be amended by reserving plaintiff's right of action against the surety on the $5000.00 bond which runs to and in favor of Marsh, the principal, to indemnify him against loss and expenses which he may suffer on account of the operation of the car, in case execution should issue on the judgment rendered herein and be returned unsatisfied, and that as thus amended the judgment appealed from be affirmed. All costs to be paid by the defendants.